**TROY TAPP**                                                                         **PLAINTIFF**

v.                                           **CIVIL ACTION NO. 4:18CV-P133-JHM**

**STUART O'NAN**                                                                  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Plaintiff Troy Tapp filed the instant *pro se* 42 U.S.C. § 1983 action and paid the filing fee.  By prior Memorandum Opinion and Order entered May 3, 2019 (DN 13), the Court stayed the action pending the final disposition of Plaintiff's criminal action in Henderson Circuit Court. Plaintiff has now informed the Court that his criminal action has concluded.  Therefore, **IT IS ORDERED** that the **STAY is LIFTED**.

This matter is now before the Court upon initial screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the reasons that follow, the Court will dismiss some of Plaintiff's claims and allow others to proceed for further development.

## I.  SUMMARY OF ALLEGATIONS

Plaintiff was a pretrial detainee at the Henderson County Detention Center when he filed this action.  He filed a complaint (DN 1), an amended complaint (DN 5), and a second amended complaint (DN 8).  Plaintiff sues the following Defendants:  Sgt. Stuart O'Nan; the Henderson Police Department; the City of Henderson; Ofc. Kyle Stone; Ofc. Cody Griffith; and the Henderson Circuit Court.

In the original complaint, Plaintiff states that he was shot by Defendant O'Nan on August 21, 2017.  He asserts that his right to equal protection under the Fourteenth Amendment

was violated. He states that Defendant O'Nan "failed to utilize all available resources prior to using legal force to shoot Tapp." He continues, "Tapp was shot from behind while he was retreating. Sergeant O'Nan discharged his weapon four (4) times striking Tapp three (3) times." Plaintiff maintains that Defendant O'Nan has been employed by the Henderson Police Department for five and a half years; has not received use-of-force training; and "has not shot a weapon outside of training on duty."

Also in the original complaint, Plaintiff reports that there were four other officers on the scene of the incident. He states that Defendant O'Nan "described Tapp as individual with mental disorders and mentally incoherent. Sergeant O'Nan stated Tapp allegedly had a shot gun to his chin and threatening suicide." Plaintiff asserts, "Officer Stone described the area as station contained and the immediate area being safe and sound. Officer Stone stated crises prevention was dispatched and on the way. Sergeant O'Nan shot Tapp seven (7) feet away (3) times." Plaintiff states that he was shot in the arm, stomach, and buttock. He states, "Sergeant O'Nan could have used other resources to resolve the situation."

In the first amended complaint, Plaintiff indicates that he wishes to add the Henderson Police Department and the City of Henderson as Defendants and to sue Defendant O'Nan in his individual and official capacities but does not add any substantive allegations.

In the second amended complaint, Plaintiff states in the section of the form which requests the basis for federal-question jurisdiction, "14 Amendment Equal Protection, Due Process (Bail reform), Inadequate Crissis Training, No Bond hearing for 11 months and counting Failure to exhaust all resources prior to use of lethal force. $10,000 Full cash No Surety No 10% bond. No property. Due to civil suit."

In the "Statement of Claim" section of the second amended complaint, Plaintiff states, "Ofc. Stuart [O'Nan] took upon himself to shoot Mr. Troy Tapp from behind while walkin from a situation which I believe Mr. Tapp was psychologically & mentally unaware and was not a threat to Officer O'Nan." Plaintiff asserts, "Mr. Tapp's back was to Ofc. O'Nan and weapon was to Tapp's chin. Other ofc's did not intervene or co-exist claiming they did not see the whole shooting. Like they were not there at the scene. Total inattention. Not Equall Protection. Mr. Tapp suffered 3 gunshot wounds."

Plaintiff attaches an additional page in which he states that he was hospitalized after the shooting. He further states as follows:

> While hospitalized Mr. Tapp was never under Police Guard. Never handcuffed to the bed. Never handcuffed at all from the moment shot. I understand there were injuries. However from Aug 21, 2017 to Sept 29 around or about. I was released to go home in Henderson, KY. I stayed home free from Police . . . walking with walker, until October 14th no restrictions. I was arrested on 10-14-17 and have been here with 10,000 dollars bond full cash.

Plaintiff reports that he had been held on bond for over a year after his bond hearing on October 25, 2017, and that he had asked the judge and his public defender in his criminal case for help to no avail. He states, "They are aware of me contacting the United States and are really making it hard for me." He states that he had an evaluation done but was not allowed to see the results. He asserts that he was "denied access to magistrate all together. That never happened to me in my life. So, now I don't know what going on." He states that another court date was scheduled but he was sure there would be another continuance. He states, "They want me to break. Its in Lords hand and the United States."

In the "Relief" section of the form, Plaintiff states, "Handicapped right wrist hand (can't grip bone loss), walks with cane right leg damaged bone loss painful limp, stomach pain intestine

surgically removed surgically implanted rod in right leg. Pins in right hand wrist arm. Hospital bills, lost wages, psychological issues, medication now. Anguish."

According to Plaintiff, on June 17, 2019, he pleaded guilty to third-degree assault (DN 16). He has since been released from incarceration (DN 17).

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

## III.  ANALYSIS

Section 1983 creates a cause of action against any person who, under color of state law,

causes the deprivation of a right secured by the Constitution or the laws of the United States.  A

claim under § 1983 must therefore allege two elements:  (1) the deprivation of federal statutory

or constitutional rights by (2) a person acting under color of state law.  *West v. Atkins*, 487 U.S.

42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Absent either

element, no § 1983 claim exists.  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A.  Henderson Circuit Court

Plaintiff names the Henderson Circuit Court as a Defendant.  However, the Eleventh

Amendment to the United States Constitution deprives a federal court of jurisdiction to entertain

a suit against a state and its agencies.  *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S.

89, 100 (1984).  Plaintiff's claims against the Henderson Circuit Court are barred by the

Eleventh Amendment because they are actually claims against the state.  *McKee v. Fayette

Circuit Court*, No. 95-5011, 1995 U.S. App. LEXIS 37119, at *4 (6th Cir. 1995) (claim against

circuit court barred by Eleventh Amendment); *Baltierra v. Fayette Circuit Court*, No. 5:13-398-

DCR, 2013 U.S. Dist. LEXIS 177379, at *6 n.2 (E.D. Ky. Dec. 18, 2013) ("As a constitutional

arm of government, the circuit courts are entitled to Eleventh Amendment immunity.") (quoting

Ky. Const. § 109); *Thornton v. Kentucky*, No. 4:06CV-46-M, 2007 U.S. Dist. LEXIS 41344, at

*17 n.4 (W.D. Ky. 2007) (noting that Kentucky circuit courts are created by the Kentucky

Constitution and compensation for circuit court judges is determined by the General Assembly

and paid out of the State Treasury).  Accordingly, Plaintiff's claims against the Henderson

Circuit Court are barred by the Eleventh Amendment and must be dismissed for seeking monetary relief from a Defendant immune from such relief.

## B. Henderson Police Department

Plaintiff's claim against the Henderson Police Department must also be dismissed. The Henderson Police Department is not a "person" subject to suit under § 1983 because municipal departments are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, the City of Henderson is the proper defendant. *See Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Further, the City of Henderson is a "person" for purposes of § 1983. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). Therefore, Plaintiff's claims against the Henderson Police Department are actually brought against the City of Henderson, and the Court will dismiss the claims against the Henderson Police Department for failure to state a claim upon which relief may be granted.

## C. Defendants O'Nan, Stone, and Griffith and the City of Henderson

Plaintiff seems to allege violation of his rights to equal protection and due process under the Fourteenth Amendment. However, the Supreme Court has held that "'if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.'" *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998) (quoting *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997)); *see also Bell v. Johnson*, 308 F.3d 594, 609-10 (6th Cir. 2002) (prisoner's claim that officials retaliated against him for filing

grievances was squarely covered by First Amendment, precluding Fourteenth Amendment claim). The Fourth Amendment is the proper vehicle to assert Plaintiff's claims in the instant action. Therefore, Plaintiff's Fourteenth Amendment claims must be dismissed for failure to state a claim upon which relief may be granted.

The Court construes the complaint as alleging § 1983 claims of excessive force and failure to intervene in violation of the Fourth Amendment against Defendants O'Nan, Stone, Griffith, and the City of Henderson.

In the original complaint, Plaintiff sued Defendant O'Nan in his official capacity only. In the amended complaint, he sued Defendant O'Nan in both his official and individual capacities. In the second amended complaint, in which he adds Defendants Stone and Griffith as Defendants, Plaintiff does not state in what capacity he sues O'Nan, Stone, or Griffith. However, the Court notes that Plaintiff's second amended complaint was filed on the Court's general civil complaint form, which does not have a place in the form to indicate in what capacity the filer is suing Defendants. Construing the complaint and amendments broadly in favor of the unrepresented Plaintiff and looking to the course of proceedings, the Court construes the complaint as suing Defendants O'Nan, Stone, and Griffith in both their official and individual capacities. *See Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001) (en banc) ("When a § 1983 plaintiff fails to affirmatively plead capacity in the complaint, we then look to the course of proceedings" to ascertain whether the defendant has been notified of the potential for personal liability.).

Upon review, the Court will allow Plaintiff's Fourth Amendment claims of excessive force and failure to intervene to proceed against Defendants O'Nan, Stone, and Griffith in their individual capacities.

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell*, 436 U.S. at 690 n.55). Suing employees in their official capacities is the equivalent of suing their employer. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. at 503. Therefore, the Court construes Plaintiff's official-capacity claims against Defendants O'Nan, Stone, and Griffith as brought against their employer, the City of Henderson.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). To satisfy the second prong, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

Based upon Plaintiff's allegations of inadequate training, the Court will allow Plaintiff's claims of excessive force and failure to intervene to proceed against Defendant City of Henderson.

The official-capacity claims against Defendants O'Nan, Stone, and Griffith will be dismissed as redundant to the continuing claims against Defendant City of Henderson. *See Smith v. Brevard Cty.*, 461 F. Supp. 2d 1243, 1251 (M.D. Fla. 2006) (dismissing claims against individuals sued in their official capacity as redundant where their employer was also named as a defendant); *Smith v. Bd. of Cty. Comm'rs of Cty. of Lyon*, 216 F. Supp. 2d 1209, 1219-20 (D. Kan. 2002) (dismissing the claim against the sheriff sued only in his official capacity as

redundant since the governmental entity of which he was an officer or agent was also a defendant in the action).

## IV. ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the claims against Defendant Henderson Circuit Court are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2) for seeking relief from a defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiff's claims against the Henderson Police Department and claims under the Fourteenth Amendment are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the official-capacity claims against Defendants O'Nan, Stone, and Griffith are **DISMISSED** as redundant to the continuing claim against the City of Henderson.

The **Clerk of Court is DIRECTED to terminate Defendants Henderson Circuit Court and Henderson Police Department** as no claims remain against these Defendants.

The Court will enter an Order governing the claims that have been permitted to continue. In allowing the claims to proceed, the Court passes no judgment on their outcome or ultimate merit.

Date:    August 20, 2019

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
       Defendants
4414.010

9